UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES FIDELITY & GUARANTY
COMPANY and AMERICAN HOME ASSURANCE,

             Plaintiffs,

  - against -                    **97 Civ. 6124 (JGK)**

BRASPETRO OIL, et al.,            **MEMORANDUM**
                               **OPINION AND ORDER**

             Defendants.

---

UNITED STATES FIDELITY & GUARANTY
COMPANY and AMERICAN HOME ASSURANCE,

             Plaintiffs,            **98 Civ. 3099 (JGK)**

   - against -

PETROLEO BRASILEIRO S.A. - PETROBRAS,
et al.,

             Defendants.

---

JOHN G. KOELTL, District Judge:

     Defendants Petrobras and Brasoil (collectively "Petrobras")
move for reconsideration of this Court's July 23, 2005 Opinion and
Order to the extent that it granted Cameron & Hornbostel's motion
to fix a charging lien. Petrobras renews its arguments that the
Court has no jurisdiction to fix a charging lien due to a forum
selection clause in the July 2003 retainer agreement and because
of the Foreign Sovereign Immunities Act ("FSIA"). In the
alternative, Petrobras moves to certify the Court's Order for an

1

interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

## I.

The standards for granting a motion for reconsideration pursuant to Local Civil Rule 6.3 are well established and are the same as those governing former Local Civil Rule 3(j).  See United States v. Letscher, 83 F. Supp. 2d 367, 382 (S.D.N.Y. 1999) (collecting cases).  The moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motions. Nakano v. Jamie Sadock, Inc., 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); Walsh v. McGee, 918 F. Supp. 107, 110 (S.D.N.Y. 1996); In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  The rule is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court."  Walsh, 918 F.Supp. at 110; see also Nakano, 2000 WL 1010825, at *1; United States v. Mason Tenders Dist. Council of Greater N.Y., 909 F.Supp. 882, 889 (S.D.N.Y. 1995).

## II.

This Court previously ruled that the forum selection clause in a retainer agreement and the FSIA did not bar fixing a charging lien pursuant to N.Y. Judiciary Law § 475.  See U.S. Fidelity & Guar. Co. v. Braspetro Oil, 379 F. Supp. 2d 487 (S.D.N.Y. 2005). Petrobras now argues, as it did in resisting the lien in the

original motion, that the charging lien is barred by the forum selection clause in the July 2003 Contract Between Braspertro Oil Services Company - Brasoil and Cameron & Hornbostel LLP for Provision of Specialized Legal Advisory and Consulting Services ("2003 Retainer Agreement"), which provides for jurisdiction in Brazil for "any questions arising out of this Contract." (2003 Retainer Agreement ¶ 16, attached at Ex. 2 to Motion to Withdraw as Counsel and Fix a Charging Lien.)

In the prior Opinion and Order, the Court found that the dispute over the charging lien did not arise out of the 2003 Retainer Agreement, and therefore was not barred by the forum selection clause. Braspetro, 379 F. Supp. 2d at 489. Nothing submitted by Petrobras suggests that the Court overlooked any controlling issues of law or fact in reaching that decision, and there is a sufficient basis for rejecting the application of the forum selection clause as barring the charging lien.

The Court previously noted that the bulk of the services performed by Cameron & Hornbostel were performed pursuant to a May 9, 1997 agreement that did not include a forum selection clause. See Ex. 1 to Motion to Withdraw as Counsel and Fix a Charging Lien. Petrobras is correct to point out that the 2003 Retainer Agreement did supercede and dissolve the May 9, 1997 agreement, and that any success fee was to be paid under the 2003 Retainer Agreement, with any prior fees paid under the May 9, 1997

agreement to be deducted from that fee.  <u>See</u> Sections 11.4 and 15
of the 2003 Retainer Agreement.  Therefore, it was error to rely
on the absence of a forum selection clause in the May 9, 1997
agreement.  However, that does not change the result, because the
dispute over the charging lien does not arise out of the 2003
Retainer Agreement.  As the Court previously explained, the
charging lien is separate from the contract and arises under New
York law relating to services rendered in connection with the
litigation in this Court.

## III.

Petrobras also seeks reconsideration of this Court's prior
finding that there was supplemental jurisdiction to fix the
charging lien, and that nothing in the FSIA barred the exercise of
such jurisdiction.  <u>Braspetro</u>, 379 F. Supp. 2d at 490.  There is
nothing in the motion for reconsideration that causes the Court to
reconsider its prior decision.

However, in response to the arguments raised by Petrobras, it
should also be noted that this is not simply a case where
Petrobras was sued in the Southern District of New York and
defended itself through the retention of attorneys, as Petrobras
now claims.  Brasoil affirmatively asserted claims, including
claims for the recovery of its attorneys' fees, and obtained a
judgment of in excess of $370 million prior to an appeal that

affirmed much of the judgment.  In the course of the litigation, both Brasoil and Petrobras affirmatively waived any immunity under the FSIA.  See Joint Pre-Trial Order §§ II(B)(1) and (2); U.S. Fidelity and Guar. Co. v. Braspetro Oil, 219 F. Supp. 2d 403, 473 (S.D.N.Y. 2002), aff'd in relevant part, 369 F.3d 34 (2d Cir. 2004).  Both Brazoil and Petrobras thus explicitly subjected themselves to the jurisdiction of this Court pursuant to 28 U.S.C. § 1605(1).

Petrobras argues that the claim for the attorneys' fees arises out of the separate and unrelated 2003 Retainer Agreement, but this argument has no basis.  The statutory attorneys' fee lien arises out of the services rendered in this litigation as a matter of statute, and would have existed even without an explicit retainer agreement.  See N.Y. Judiciary Law § 475.

Finally, Petrobras argues that it could not have foreseen litigating before this Court an attorney's fee dispute in connection with the original lawsuit in light of the forum selection clause in the 2003 Retainer Agreement, and thus it did not intend to waive its sovereign immunity regarding the dispute with Cameron & Hornbostel.  This argument ignores the fact that the Joint Pre-Trial Order was entered prior to the trial at a time when the original retainer agreement, which had no forum selection clause, was in effect.  Petrobras cannot limit the effect of the

waiver of FSIA immunity by subsequently entering the 2003 Retainer
Agreement.  See 28 U.S.C. § 1605(1) (noting that there is a waiver
of immunity "notwithstanding any withdrawal of the waiver which
the foreign state may purport to effect except in accordance with
the terms of the waiver.")  The statutory lien is thus well within
the supplemental jurisdiction of this Court.

## IV.

Petrobras also seeks a certification for interlocutory appeal
pursuant to 28 U.S.C. § 1292(b).  Section 1292(b) provides that a
district court may certify an interlocutory order for appeal if it
is of the opinion that (1) the order "involves a controlling
question of law"; (2) "as to which there is substantial ground for
difference of opinion"; and (3) "that an immediate appeal of the
order may materially advance the ultimate termination of the
litigation."  28 U.S.C. § 1292(b).  The determination of whether
Section 1292(b) certification is appropriate under these standards
lies within the discretion of the district court.  See Ferraro v.
Sec'y of U.S. Dep't of Health & Human Servs., 780 F. Supp. 978,
979 (E.D.N.Y. 1992) (collecting cases and citations).

Interlocutory appeals under Section 1292(b) are an exception
to the general policy against piecemeal appellate review embodied
in the final judgment rule, and only "exceptional circumstances
[will] justify a departure from the basic policy of postponing

appellate review until after the entry of a final judgment."
Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978); see also
Flor v. Bot Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (per
curiam) (collecting cases). Because piecemeal litigation is
generally discouraged, the Court of Appeals has repeatedly
emphasized that a district court is to "exercise great care in
making a § 1292(b) certification." Westwood Pharm., Inc. v. Nat'l
Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992); see also
Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave
Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25
(2d Cir. 1990) ("[T]he power to grant an interlocutory appeal must
be strictly limited to the precise conditions stated in the law.")
(internal citation and alteration omitted). Section 1292(b) was
not intended "to open the floodgates to a vast number of appeals
from interlocutory orders in ordinary litigation," Telectronics
Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172
(S.D.N.Y. 1987) (internal quotation marks omitted), or to be a
"vehicle to provide early review of difficult rulings in hard
cases." German v. Fed. Home Loan Mortgage Corp., 896 F. Supp.
1385, 1398 (S.D.N.Y. 1995). Rather certification is warranted
only in "exceptional cases," where early appellate review "may
avoid protracted and expensive

In this case, the Court does not find that the issues on the proposed appeal are ones as to which there is a substantial ground for a difference of opinion. In any event, an interlocutory appeal would not materially advance the litigation. The litigation would be advanced by having the Magistrate Judge determine the exact amount of the charging lien, which could then be entered. This should not involve protracted and expensive litigation. Petrobras would then have the opportunity to appeal both the existence and the amount of the charging lien, and that process would avoid piecemeal appeals. This does not infringe on the sovereignty of Petrobras in view of the extensive use that Petrobras has already made of this Court and the Court of Appeals and the prior waivers of immunity under the FSIA in this case.

## CONCLUSION

The motion for reconsideration is granted. Upon reconsideration, the Court adheres to its prior order. The motion for certification of an interlocutory appeal is denied.

**SO ORDERED.**

**Dated:**    **New York, New York**
         **November 7, 2005**

_____
**John G. Koeltl**
**United States District Judge**