UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES FIDELITY & GUARANTY
COMPANY and AMERICAN HOME ASSURANCE
COMPANY,

        Plaintiffs,

- against -

BRASPETRO OIL SERVICES COMPANY, et al.,

        Defendants

97 Civ. 6124 (JGK)

MEMORANDUM
OPINION AND ORDER

---

UNITED STATES FIDELITY & GUARANTY
COMPANY and AMERICAN HOME ASSURANCE
COMPANY,

        Plaintiffs,

- against -

PETROLEO BRASILEIRO S.A.-PETROBRAS,
et al.,

        Defendants.

98 Civ. 3099 (JGK)

---

JOHN G. KOELTL, District Judge:

    The Court has considered the submissions of the parties in connection with proposed Judgments, including the most recent correspondence. The Court has entered the Judgment proposed by the Sureties with certain exceptions that are marked in the text. That Judgment more carefully reflects the Memorandum of Understanding between the parties as well as the previous legal decisions.

    For the benefit of the parties the Court notes the following:

1. There was a difference between the parties of $15 with respect to pre-judgment interest on the P-19 Project. The parties understandably did not desire to review the calculations to determine the precise amount, and the Court has accepted the amount proposed by Petrobras. The Court does note, however, that the suggestion in Petrobras's correspondence that the Clerk failed to make a necessary calculation initially is incorrect. The Clerk calculated the amount of pre-judgment interest based on a daily amount to the date of September 20, 2002, as provided in the original judgment. The date to which pre-judgment interest was calculated was September 20, 2002, the date the Judgment was signed by the Court. Any of the parties could have appealed the use of that date at the time of the original appeal, but no party questioned that date, and that date is now fixed as the date to which pre-judgment interest ran.

2. All parties now agree that the amount of post-judgment interest should be calculated at the rate of 1.68%. Because pre-judgment interest ceased to run on September 20, 2002, post-judgment begins to run on September 21, 2002. Petrobras has not questioned that the calculations by the Sureties are accurate in calculating the amount of post-judgment interest at the rate of 1.68% from September 21, 2002, although Petrobras had argued that pre-judgment interest should continue until September 30,

2002. The Court has therefore accepted the calculations by the Sureties.

3. The Court fully appreciates that the parties may need to return to the Court on the question of when there is a "full, final and unappealable dismissal with prejudice of all claims brought by PETROBRAS against the Sureties in Brazil." The Court reminds the parties that it is in the interests of both parties to obtain finality in Brazil so that these matters can be concluded and so that the Sureties pay the substantial Judgment in this case. It is difficult to understand why this cannot be accomplished promptly.

4. The Sureties have raised the issue of the Cameron & Hornbostel lien. However, neither of the proposed Judgments provided for such a lien and the representation was that the issue was being resolved. In any event, that issue will either be resolved or the lien can still be asserted. It does not appear that payment of the Judgment is imminent.

SO ORDERED.

Dated: New York, New York
       July 21, 2006

                                         John G. Koeltl
                                    United States District Judge